IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel Scarlett McMasters,<br><br>           Plaintiff,<br><br>     vs.<br><br>Northrop Grumman Ship Systems, Inc., Phil Lovlien,<br><br>           Defendants.<br>_____ | CIVIL NO. 05-00433 HG-BMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE AND TRANSFERRING ENTIRE CASE, INCLUDING MOTION TO DISMISS, TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)** |

**ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE AND TRANSFERRING ENTIRE CASE, INCLUDING MOTION TO DISMISS, TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

Plaintiff Scarlett McMasters ("Plaintiff") alleges, among other things, that Defendants Northrop Grumman Ship Systems, Inc. ("Defendant Northrop") and Phil Lovlien ("Defendant Lovlien") (collectively, "Defendants"), made false claims for payment to the United States government and wrongfully terminated Plaintiff for opposing their improper practices in violation of the False Claims Act, 31 U.S.C. § 3729, et seq.

Defendants have moved for transfer of venue to the United States District Court for the Northern District of California

1

under 28 U.S.C. § 1404(a) and to dismiss the Complaint. Because all of the events giving rise to Plaintiff's claims occurred in California, the majority of witnesses reside and records are located in California, and Defendants reside in California, transfer of venue to the Northern District of California is appropriate. The Court **GRANTS** Defendants Northrop Grumman Ship Systems, Inc. and Phil Lovlien's Motion to Transfer Case to the Northern District of California Under 28 U.S.C. § 1404(a) (Doc. 20).

## **PROCEDURAL HISTORY**

On July 12, 2005, Plaintiff filed her Complaint on behalf of the United States government.

On December 5, 2005, the United States filed its notice of election not to intervene.

On March 7, 2006, Defendants filed a Motion to Transfer Case to the Northern District of California ("Motion to Transfer", Doc. 20.)

On March 7, 2006, Defendants filed a Motion to Dismiss Complaint ("Motion to Dismiss", Doc. 19.)

On April 12, 2006, Plaintiff filed its memorandum in opposition to Defendants' Motion to Transfer Case to the Northern District of California (Doc. 26.)

On April 18, 2006, Plaintiff filed its memorandum in

opposition to Defendants' Motion to Dismiss Complaint (Doc. 29.)

On May 25, 2006, Defendants filed replies in support of both motions (Doc. 32, 33.)

On June 5, 2006, Defendants' Motion to Transfer and Motion to Dismiss came on for hearing.

## BACKGROUND

Plaintiff has brought a False Claims Act, 31 U.S.C. § 3729, et seq., ("FCA") case on behalf of the United States against Defendant Northrop for allegedly false billings and "shoddy workmanship" and for wrongful termination. (Compl. ¶¶ 8, 14, 15.)  As Defendants point out, Plaintiff has named Northrop Grumman Ship Systems, Inc. as a Defendant in the Complaint, although it is undisputed that Plaintiff worked for another Northrop entity — Northrop Grumman Systems Corp. – a Delaware corporation with its principal place of business in California.

From August 2001 to January 2003, Plaintiff worked as an administrative assistant at Defendant Northrop's facility in Sunnyvale, California.  (Compl. ¶¶ 2-3, Motion to Transfer at Exhibit B, Declaration of Joseph Pommier at ¶ 2 ("Pommier Decl.").  Plaintiff never worked in, or traveled to, Hawaii as part of her employment. (Motion to Transfer at Exhibit A, Declaration of Phil Lovlien at ¶ 2 ("Lovlien Decl.")

All of the events which form the basis for Plaintiff's alleged causes of action took place in California. Plaintiff

alleges that in the fall of 2002, she attended a staff meeting at Defendant Northrop's California facility.  (Compl. ¶ 11.)  During the meeting, Defendant Lovlien allegedly said that Northrop had shipped a submarine with "faulty" propulsion system parts, and that Northrop planned to fix the problem without telling the Navy about it.  (Compl. ¶¶ 11-12.)

## ANALYSIS

I.   **Standard for Transfer of Venue**

Section 1404(a) of Title 28 provides:  "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The district court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation omitted).

In determining whether a transfer of venue is appropriate, the Court considers:

(1)   the convenience of the parties;

(2)   the convenience of the witnesses; and

(3)   the interests of justice.

Section 1404(a) partially displaces the common law doctrine of forum non conveniens, but forum non conveniens factors are still helpful in deciding a Section 1404(a) transfer motion.

In the forum non conveniens analysis the court balances the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum. In doing so, the court considers private and public factors affecting the convenience of the forum. Such factors include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling non-party witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of view of premises , if view would be appropriate to the action; (5) all other practical problems that make trial of a case easy, expeditious and inexpensive; (6) the administrative difficulties flowing from court congestion; (7) the local interest in having localized controversies decided at home; (8) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (9) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; (10) and the unfairness of burdening citizens in an unrelated forum with jury duty.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000); see Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

**II.  Transfer is Appropriate Under 28 U.S.C. § 1404(a)**

The relevant factors weigh heavily in favor of transfer of this case to the Northern District of California.

A district court may transfer a case when the operative facts arose in another district. See, e.g., Lung v. Yachts Int'l Ltd., 980 F. Supp. 1362, 1370-71 (D. Haw. 1997) (transfer appropriate where Hawaii resident purchased a yacht from Florida

defendants because the focal point of the case was the Caribbean and not Hawaii).  Here, all of the events giving rise to Plaintiff's cause of action occurred in the Northern District of California.

Neither of the Defendants reside in Hawaii and none of the alleged misconduct took place in Hawaii.  Defendant Northrop employed Plaintiff in California.  Defendants alleged conduct in violation of the FCA took place in California at Defendant Northrop's California facility.  The parts involved were manufactured, inspected, and tested in California and Defendant Northrop processed the bills for those parts in California.

Plaintiff moved to Hawaii after Defendant Northrop terminated her employment at its California facility.  The fact that Plaintiff moved to Hawaii after the events giving rise to her claim took place is the only connection between Hawaii and this case.  Where, as here, "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [Plaintiff's] choice is entitled to only minimal consideration."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987)(citation omitted).  Also, because Plaintiff is a qui tam relator whose principal claims involves the assertion of rights on behalf of the United States, her choice of forum is entitled to little weight.  See United States ex rel. LaValley v. First Nat'l Bank of Boston, 625 F. Supp. 591, 594 (D. N.H. 1985);

United States v. Klearman, 82 F. Supp. 2d 372, 373 (E.D. Pa. 1999).  Plaintiff has not shown any connection between her case, or between either of the Defendants, and Hawaii.  On the other hand, Defendants would incur significant time and expense in litigating this case in Hawaii.  Whether or not, as Plaintiff contends, the defendants have "plenty of money" is not a dispositive factor.  See, e.g., Carney v. Singapore Airlines, 940 F. Supp. 1496, 1503 (D. Ariz. 1996) ("Simply because Defendant is a corporation does not mean that Plaintiffs should automatically be able to sue them wherever they wish because Defendant potentially has 'deep pockets' and can afford litigation in a foreign court.")

    Moreover, many of the witnesses reside in California and Plaintiff has not identified any, besides herself, who reside in Hawaii.  Possible witnesses include Plaintiff's co-workers, Defendant Northrop's employees who addressed Plaintiff's employment issues, the persons who spoke with the government, processed billings, and manufactured, inspected and tested the submarine parts at issue.  Defendants have presented unrebuked evidence that the vast majority of these witnesses reside in California. (Pommier Decl. ¶¶ 3-4.)  At the time she was employed at Defendant Northrop, Plaintiff was among 18 individuals who worked under the supervision of Phil Lovlien.  (Id. ¶ 3.)  "Of these 18 individuals, only [Plaintiff] is believed to reside in

Hawaii. Fifteen of these individuals continue to work for Northrop at its Sunnyvale, California facility and reside in California." (Id.)  Requiring these witnesses to travel from California to Hawaii would be extremely burdensome and inconvenient and weighs heavily in favor of transfer.

Relevant records are also located in Sunnyvale, California, including "Plaintiff's employment records, contracts and bills for propulsion system parts, and documents relating to the design, manufacture, testing, and inspection of those parts." (Pommier Decl. ¶ 6.)

Hawaii does not have any interest in this case and it would be unfair to burden the citizens in this unrelated forum with jury duty.  The required travel to and from Hawaii for the Defendants and witnesses would likely make resolution of the case less expeditious.  There are no issues of Hawaii law.

Finally, transfer is appropriate to the Northern District of California because this action "might have been brought" in the Northern District of California because a substantial part of the events giving rise to Plaintiff's claim occurred in that district and that is where Defendants reside.  28 U.S.C. § 1391(b).

In sum, Plaintiff has not pointed to any evidence to refute Defendants' arguments and the declarations submitted in support thereof.  All relevant factors weigh in favor of transfer to the United States District Court for the Northern District of

California.

## CONCLUSION

For the foregoing reasons,

(1) Defendants Northrop Grumman Ship Systems, Inc. and Phil Lovlien's Motion to Transfer Case to the Northern District of California Under 28 U.S.C. § 1404(a) (Doc. 20) is **GRANTED**.

(2) The Clerk is **DIRECTED** to transfer the entire case, including the pending motion to dismiss, to the Northern District of California and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 8, 2006.



       /s/ Helen Gillmor
Chief United States District Judge

---

United States, ex rel Scarlett McMasters v. Northrop Grumman Ship Services, Inc., et al.; Civ. No. 05-00433 Hg-BMK; **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**